cedure, but section 3345 as well, which expressly provides that "the rule of the common law that a statute in derogation of the common law is strictly construed does not apply to this act," and applying the doctrine of the Court of Appeals as expressed in the Stuyvesant Case, supra, I am of the opinion that the objections to the title are not well taken, and that judgment should go for the defendant upon this submission, with costs. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). I do not think that a purchaser should be compelled to accept this title. The order of publication concededly fails to comply with section 440 of the Code of Civil Procedure. That section is mandatory and provides that the order must contain a direction that on or before the day of the first publication the plaintiff deposit in a specified post office one or more sets of copies of the summons, complaint, and order, contained in a securely closed postpaid wrapper, directed to the defendant at a place specified in the order. This is not an order of the court, but an order of a judge, and it has been many times held that the order, to give to the court jurisdiction in the action, must strictly comply with this mandatory provision of the statute. The summons was published under this order, and the sole jurisdiction of the court to subsequently decree a foreclsoure of the mortgage and a sale of the defendant's property, who was sought to be served under this order, is the publication of the summons as therein directed. This defendant is not now before the court, and the judgment in this action would not be binding upon her. The purchaser was entitled to a marketable title, free from serious doubt. I do not think that a title based upon a judgment entered in an action where the summons was served upon the owner of the equity of redemption pursuant to an order which fails to comply with this section of the Code is a marketable title. The order amending the order of publication entered long after the judgment was entered, not made by the judge who signed the original order, I do not think cures the defect, if the failure of the original order of publication was insufficient to give the court jurisdiction in the action.

I think therefore that, as the plaintiff should not be compelled to take this title, judgment should be directed for the plaintiff upon this submission

(112 App. Div. 895)

### NIEWENHOUS v. MANHATTAN RY. et. al.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

TRIAL—INVOLUNTARY NONSUIT—POWER TO DISMISS.

In an action for injury to property by interference with the easements of access, light, and air, a dismissal of the complaint was erroneous, where the plaintiff's proof showed that he was entitled to some fee damage, though he failed to establish that he had suffered any diminution in rental value.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 360.]

Appeal from Special Term, New York County.

Action by Sisbrand Niewenhous against the Manhattan Railway

and another to recover for injury to property by interference with the easements of access, light, and air. From a judgment dismissing plaintiff's complaint on the merits, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Vincent P. Donihee, for appellant.

J. Osgood Nichols, for respondents.

PER CURIAM. The plaintiff's proof failed to establish that he had suffered any diminution in rental value, but we think it did show that he was entitled to some fee damage. A dismissal of his complaint was, therefore, error.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

---

(111 App. Div. 669)

### In re RICKETTS.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. MUNICIPAL CORPORATIONS—OFFICERS—PROMOTION—CIVIL SERVICE—CONSTITUTIONAL LAW.

A rule of a municipal civil service commission requiring a specified period of service in the next lower grade before examination for promotion does not violate Const. N. Y. art. 5, § 9, providing that promotions in the civil service shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive.

2. SAME—VALIDITY.

A rule of the civil service commission of New York City, requiring applicants for examination for promotion to have served a stated period in the next lower grade does not violate Laws N. Y. 1899, p. 805, c. 370, § 15, providing that promotions shall be based on merit and competition, as the section further provides that promotions shall be based on the superior qualifications of the person promoted as shown by his previous service.

3. SAME—CIVIL SERVICE COMMISSION—POWERS.

Under the New York civil service law, Laws 1899, p. 803, c. 370, § 13, subd. 6, providing that a municipal civil service commission may refuse to examine an applicant who lacks any of the established preliminary requirements, the commission has power to require applicants for examination for promotion to have served a stated period in the next lower grade.

4. SAME—CIVIL SERVICE RULE—REASONABLENESS.

A rule of a municipal civil service commission requiring applicants for examination for promotion to have served for not less than six months in the next lower grade is reasonable and proper.

5. CONSTITUTIONAL LAW—JUDICIAL POWERS—REVIEW OF CIVIL SERVICE RULES.

The court has power to review a rule of a municipal civil service commission setting up requirements for examination for promotion in the civil service and to declare the rule invalid if it is unreasonable and improper.

Appeal from Special Term, New York County.

Mandamus by George F. Ricketts against William F. Baker and others, composing the municipal civil service commission of the city of New York. From an order denying the writ, petitioner appeals. Affirmed.